Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000349
08-OCT-2019
07:49 AM

NO. CAAP-16-0000349

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


REGINALD BOTELHO, Claimant-Appellant,
v.
ATLAS RECYCLING CENTER, LLC and HAWAI'I EMPLOYERS' MUTUAL
INSURANCE COMPANY, Employer/Insurance Carrier/Appellees
and
SPECIAL COMPENSATION FUND, Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(Case No. AB 2009-334(H)(S)(DCD No. 1-06-00818))


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Claimant-Appellant Reginald Botelho (**Botelho**) appeals
from one of two attorney's fee approval orders entered by the
Department of Labor and Industrial Relations Appeals Board
(**Appeals Board**) on April 20, 2016.  Botelho claims that the
Appeals Board improperly reduced his attorney's hourly billing
rate from $325 to $165.  For the reasons explained below, we
affirm the Order.


I.

Botelho was injured on May 10, 2005, while working for
Employer-Appellee Atlas Recycling Center LLC (**Atlas**).  He filed a
claim for workers' compensation benefits.  Atlas did not pay
benefits to Botelho.  On January 30, 2007, the Department of
Labor and Industrial Relations Disability Compensation Division
(**DCD**) found that Botelho was injured because of an accident
arising out of and in the course of his employment by Atlas.  The

DCD ordered that Atlas and Insurance Carrier-Appellee Hawaii Employers' Mutual Insurance Company (collectively, **Employer**) pay workers' compensation benefits to Botelho.

Employer still did not pay workers' compensation benefits to Botelho. On May 15, 2009, the DCD assessed attorney's fees and costs against Employer pursuant to Hawaii Revised Statutes (**HRS**) § 386-93(a) (1993).[1] On May 22, 2009, Botelho's attorney Stanford H. Masui (**Masui**) requested DCD approval of his fees based on an hourly rate of $155. The DCD approved Masui's fees based upon the $155 hourly rate.

Meanwhile, on June 3, 2009, Employer appealed the DCD's May 15, 2009 decision to the Appeals Board. Employer moved for partial summary judgment, arguing that HRS § 386-93(a) did not authorize an award of attorneys fees. On November 16, 2009, the Appeals Board concluded that HRS § 386-93(a) "does not authorize the assessment of attorney's fees in addition to costs[,]" citing our summary disposition order in Kelly v. Metal-Weld Specialties, Inc., Nos. 27127 and 27208, 2008 WL 4409419 (Haw. App. Sept. 30, 2008) (SDO). Botelho filed a notice of appeal on December 7, 2009.

On February 28, 2013, we issued a memorandum opinion in Botelho v. Atlas Recycling Centers, LLC, No. 30226, 2013 WL 764878 (Haw. App. Feb. 28, 2013) (mem.). We held that Kelly had been incorrectly decided based upon two decisions by the territorial supreme court construing predecessor statutes to HRS § 386-93(a) that had not been cited to us by the parties in Kelly. We also noted that in 2012 the legislature amended HRS § 386-93(a) to specifically authorize the assessment of "reasonable attorney's fees." Accordingly, we vacated the Appeals Board's

---

[1] The version of the statute applicable to this case, HRS § 386-93 provided:

> § **386-93 Costs.** (a) If the director of labor and industrial relations, appellate board or any court finds that proceedings under this chapter have been brought, prosecuted, or defended without reasonable ground the whole costs of the proceedings may be assessed against the party who has so brought, prosecuted, or defended the proceedings.

2

November 16, 2009 decision and remanded the case for further proceedings.

On April 25, 2013, Masui filed an untimely motion for attorney's fees and costs with us. We chose to consider the motion, see Tortorello v. Tortorello, 113 Hawaiʻi 432, 442, 153 P.3d 1117, 1127 (2007) (holding that appellate courts have discretion to consider untimely motion for costs), and denied the motion "without prejudice to Botelho seeking his appellate attorney's fees before the LIRAB on remand, should Employer lose its appeal of the Director's decision to the LIRAB."

On remand, by letter dated May 7, 2013, Masui asked that the Appeals Board approve his attorney's fees based on an hourly rate of $160. The parties stipulated to submit Botelho's appeal to the Appeals Board on the briefs. On November 9, 2015, the Appeals Board issued a decision that concluded, among other things, that Atlas is liable for Botelho's attorney's fees pursuant to HRS § 386-93(a) as an administrative penalty. On November 17, 2015, the Appeals Board issued an order approving Masui's fees based on an hourly rate of $160.

By letter dated November 18, 2015, Masui submitted the request for approval of attorney's fees at issue in this appeal. Masui requested that the Appeals Board approve his fees based on an hourly rate of $325 for "[a]ppellate work before the ICA" and $160 for work done after the remand to the Appeals Board. Employer objected to Masui's $325 hourly rate and to the amount of time Masui spent working on the case at both levels. The Appeals Board entered an order on December 23, 2015, approving the hourly rate of $160 for work involving the Appeals Board. The order did not mention the $325 hourly rate or any work done on the secondary appeal.

On April 20, 2016, the Appeals Board issued two orders on Masui's requests for attorney's fees. The first order is not at issue in this appeal. The second order (**Order**) is at issue in this appeal. The Appeals Board did not approve Masui's requested hourly rate of $325 for work on Botelho's secondary appeal; it reduced Masui's hourly billing rate to $165. The Appeals Board

also reduced or disallowed certain amounts of time Masui claimed for various tasks, but those decisions are not at issue in this appeal.

## II.

The standards set forth in HRS § 91-14(g) (1993) apply to our review of the Appeals Board's decision. McLaren v. Paradise Inn Hawaii LLC, 132 Hawai‘i 320, 328, 321 P.3d 671, 679 (2014). HRS § 91-14, entitled "Judicial review of contested cases," provides in relevant part:

> (g)     Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)     In violation of constitutional or statutory provisions; or
>
> (2)     In excess of the statutory authority or jurisdiction of the agency; or
>
> (3)     Made upon unlawful procedure; or
>
> (4)     Affected by other error of law; or
>
> (5)     Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)     Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects are reviewable under subsection (3); findings of fact are reviewable under subsection (5); and an agency's exercise of discretion is reviewable under subsection (6)." McLaren, 132 Hawai‘i at 328, 321 P.3d at 679 (citation omitted).

## III.

The only issue presented by Botelho's appeal is whether the Appeals Board improperly reduced Masui's hourly billing rate

4

for working on the secondary appeal from $325 to $165. The request for attorney's fees at issue in this case was made pursuant to HRS § 386-93(b) (2015 repl.), which provides in relevant part:

> If an employer appeals a decision of the . . . appellate board, the costs of the proceedings of the . . . appellate court, together with reasonable attorney's fees, shall be assessed against the employer if the employer loses[.]

HRS § 386-94 (2015 repl.) governs the Appeals Board's awarding of attorneys' fees. That statute provides, in relevant part:

> In approving fee requests, the . . . appeals board . . . may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of issues involved, the amount of fees awarded in similar cases, benefits obtained for the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience. In all cases, reasonable attorney's fees shall be awarded.

See McLaren, 132 Hawaiʻi at 322 n.1, 321 P.3d at 673 n.1. The Appeals Board's award of attorney's fees is reviewed under the abuse of discretion standard. Id. at 331-32, 321 P.3d at 682-83.

## A.

Botelho's first point of error contends that the Appeals Board abused its discretion and acted without authority because HRS § 386-94 only gives the Appeals Board "the power to approve attorney's fees, not amend or set [the attorney's hourly rate.]" We disagree. Botelho's argument was previously made (also by Masui) in DeMello v. Gas Co., No. CAAP-15-0000527, 2016 WL 4272712 (Haw. App. Aug. 12, 2016) (mem.). In that case we held:

> DeMello argues that the [Appeals Board] is not allowed to set hourly rates, and must only consider the hourly rate customarily awarded attorneys possessing similar skills and experience. Nothing in HRS § 386-94 precludes the [Appeals Board] from employing the "lodestar method" of calculating reasonable attorney's fees, under which reasonable

5

> attorney's fees are calculated by [multiplying] the number
> of hours reasonably expended[2] by a reasonable hourly rate.

DeMello, 2016 WL 4272712, at *3 (citing Kaleikini v. Yoshioka, 129 Hawai'i 454, 469, 304 P.3d 252, 267 (2013) (citing DFS Group L.P. v. Paiea Props., 110 Hawai'i 217, 222, 131 P.3d 500, 505 (2006))) (footnote added).

The plain language of HRS § 386-94 authorizes the Appeals Board to consider "the hourly rate customarily awarded attorneys possessing similar skills and experience," among other factors. The list of factors for consideration includes those usually and customarily taken into account in setting an attorney's hourly billing rate, such as "the attorney's skill and experience in state workers' compensation matters . . . and the hourly rate customarily awarded attorneys possessing similar skills and experience." The list of factors in the statute "is an inclusive list rather than an exhaustive one." See State v. DeMello, 136 Hawai'i 193, 196, 361 P.3d 420, 423 (2015) (construing the phrase "including but not limited to" used in criminal restitution statute, HRS § 706-646). Thus, HRS § 386-94 does give the Appeals Board discretion to vary the requesting attorney's hourly billing rate to arrive at an award of "reasonable attorney's fees[.]"

**B.**

Botelho's second point of error argues that the Appeals Board abused its discretion by failing to provide an explanation supporting its reduction of Masui's hourly billing rate from $325 to $165. Botelho is correct that the Appeals Board is required to set forth its reasons for reducing an award of attorney's fees and costs. McLaren, 132 Hawai'i at 330, 321 P.3d at 681. We disagree that the Appeals Board in this case failed to provide a reasonable explanation for its decision.

---

[2] Botelho does not challenge the Appeals Board's reduction of Masui's total billed hours.

6

The burden is on the party seeking attorneys fees to prove such fees were reasonably and necessarily incurred. DFS Grp. L.P. v. Paiea Properties, 110 Hawai'i 217, 226, 131 P.3d 500, 509 (2006). Masui's fee application stated, "our fees for the appellate portion is based on my civil rate of $325, and the LAB Amended Request for Fees is based on the Director's previous approved fee rate of $160." In support of his application Masui cited examples of non-workers' compensation civil cases in which other lawyers' hourly rates ranging from $300 to $450 were approved. The application did not contain any information about Masui's specific experience in workers' compensation secondary appeal work, or about his level of experience in civil, criminal, family, or administrative agency appellate practice. The fee application did not provide any information about the usual or customary hourly billing rates of Hawai'i lawyers who practice workers' compensation secondary appeals before the intermediate court of appeals or the supreme court, or about the hourly billing rates of any Hawai'i appellate practitioners, civil, criminal, family, or administrative/secondary, at any experience level. Masui did not provide, or ask the Appeals Board to take, judicial notice of any other potentially relevant facts.

The Appeals Board ruled based on the record before it:

> 5. In reviewing the subject fee request, the Board took into account the benefits obtained for [Botelho] in this appeal, the novelty and difficulty of issues involved on appeal, the amount of fees awarded in similar appeals, and the hourly rate customarily awarded workers' compensation attorneys possessing similar skills and experience, including [Masui]'s years of practice in the field of workers' compensation law, the number of clients represented before the Board, as well as [Masui]'s responsiveness and timeliness.

> 6. In this case, the Board does not approve the requested attorney hourly rate of $325.00. [Masui]'s approved hourly rate for the period 2009 through 2012 was $165.00 per hour.

> 7. [Masui] has practiced in the field of workers' compensation law in Hawaii for approximately 30 years.

> 8. [Masui] stated he represented approximately 100 clients before the Disability Compensation Division and approximately 50 clients before the Board, in the past 3 years.

Based upon the information — or rather, the lack thereof — presented by Masui, the Appeals Board did not abuse its discretion in reducing Masui's hourly billing rate for Botelho's secondary appeal from $325 to $165.[3]

## C.

Botelho's third point of error argues that the Appeals Board abused its discretion by considering factors which were not expressly enumerated by HRS § 386-94 and by limiting comparative hourly billing rates to other workers' compensation attorneys. We disagree.

As was discussed above, in awarding attorneys fees pursuant to HRS § 386-94 the Appeals Board "may consider factors such as" those itemized in the statute. The statute's use of the phrase "such as" indicates that the list of factors "is an inclusive list rather than an exhaustive one." See State v. DeMello, 136 Hawai'i at 196, 361 P.3d at 423. It was not an abuse of discretion for the Appeals Board to consider factors in addition to those enumerated by HRS § 386-94.

The plain language of HRS § 386-94 directs the Appeals Board to consider "factors such as the attorney's skill and experience in state workers' compensation matters . . . and the hourly rate customarily awarded attorneys possessing similar skills and experience." The fees at issue in this case involve an administrative agency secondary appeal (of a state workers' compensation case) but the record contains no information that the Appeals Board could have considered concerning Masui's skills in or experience with state workers' compensation secondary

---

[3]     We acknowledge that the supreme court remanded the McLaren case so that the Appeals Board could explain its reasons for reducing the requested attorney's fee award. See also DeMello v. Gas Co.; Pickett v. Cheesecake Factory Restaurants, Inc., No. CAAP-15-0000593, 2016 WL 4542742 (Haw. App. Aug. 31, 2016) (mem.). The fee reductions at issue in those cases were based not only on a reduction of the hourly billing rate, but also reduction or elimination of the amounts of time approved for various tasks. The only issue in this case is the reduction of Masui's hourly billing rate; the record on appeal does not indicate that there is any information the Appeals Board failed to consider or discuss in stating the reasons for its reduction of Masui's hourly billing rate.

appeals.  The Appeals Board does not abuse its discretion by failing to consider information which was not provided by any party.

### IV.

For the foregoing reasons, the Appeals Board's order entered on April 20, 2016, reducing Botelho's attorney's hourly billing rate from \$325 to \$165 is affirmed.

DATED: Honolulu, Hawai'i, October 8, 2019.

On the briefs:

Stanford H. Masui,
Erin B.J.H. Masui,
for Claimant-Appellant.

Brian G.S. Choy,
Keith M. Yonamine,
for Employer/Insurance
Carrier-Appellees.

Chief Judge

Associate Judge

Associate Judge